IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LISA M. BRADSHAW and
DYLAN MICHAEL HUNDLEY,

               Plaintiffs,

v.                                                      CIVIL ACTION NO. 2:05-cv-00644

TOWN OF CEREDO and
UNITED STATES ARMY CORPS OF ENGINEERS,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are two motions to dismiss. The United States Army Corps of Engineers (Corps) has filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) [Docket 3]. Also, the Town of Ceredo (Town) has filed a motion to dismiss the plaintiffs' amended complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) [Docket 5]. Pursuant to the reasoning set forth herein, the court **GRANTS** the Corps's motion, **DENIES AS MOOT** the Town's motion, **DISMISSES** the Corps from the case with prejudice, and **REMANDS** the remaining matter between the plaintiffs and the Town to the Circuit Court of Kanawha County, West Virginia.

*I. Background*

On May 11, 2003, five-year-old Dylan Michael Hundley exited his Ceredo home to play with a neighborhood friend. The children walked to Ceredo City Park where Dylan observed a soccer ball floating in a small pond in the Jordan Branch Impoundment area of the park. Dylan entered the pond to retrieve the ball but became entangled in debris beneath the surface and drowned in an attempt to free himself.

The plaintiffs allege that the Town knew children frequented the area and that the unfenced pond presented an abnormally dangerous condition. The plaintiffs also allege that the Corps had knowledge of this condition. The plaintiffs claim that Dylan died because neither defendant exercised reasonable care in acting to prevent children from entering the pond.

The plaintiffs filed their complaint in the Circuit Court of Kanawha County, West Virginia. The Corps removed the action pursuant to 28 U.S.C. § 1442(a)(1), which allows for removal by the United States when a civil action against an agency of the United States is filed in state court. 28 U.S.C. § 1442(a)(1) (2000). The pending motions to dismiss then were filed.

*II. Removal Under § 1442(a)(1)*

When a case is removed under 28 U.S.C. § 1442 (a)(1), the federal court acquires the same jurisdiction over the suit that the state court had; in other words, the federal court's jurisdiction is derivative of the state court's jurisdiction. *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998). If the state court lacked jurisdiction over the subject matter of the parties, then the federal court acquires none when the action is removed, even if the federal court would have had jurisdiction in the matter had it been brought originally in federal court. *Minnesota v. United States*, 305 U.S. 382,

389 (1939). Because this action was removed under § 1442(a)(1), the court first must determine whether the state court from which the action was removed had subject matter jurisdiction. If the state court lacked subject matter jurisdiction over the plaintiffs' claim against the Corps, then the claim against the Corps must be dismissed. *See Franchise Tax Bd. v. Constr. Laborers Vac. Trust*, 463 U.S. 1, 24 n.27 (1983) (explaining dismissal of a claim is proper when derivative jurisdiction prevents a district court from gaining subject matter jurisdiction over the claim).

The Federal Tort Claims Act vests exclusive jurisdiction for tort claims against the United States in federal district courts. 28 U.S.C. § 1346 (2000). Thus, the West Virginia state court in this case did not have jurisdiction to decide the claim against the Corps. Accordingly, this court lacks subject matter jurisdiction over the claim because the claim was removed to this court based on the derivative jurisdiction of the state court. *See Bailey v. Alan Stone Co.*, No. 1:04-cv-33 (S.D.W. Va. Mar. 29, 2004) (finding that the court lacked jurisdiction over a similar claim against the United States for indemnification from a defective bridge because of derivative jurisdiction).

Cases removed under § 1441, the general removal statute, are subject to § 1441(e), which gives federal courts subject matter jurisdiction even if the state court where the action originally was filed lacked jurisdiction. 28 U.S.C. § 1441(e) (2000). This case, however, was not removed under the general removal statute. Section 1441(e) is not applicable to cases removed under § 1442(a)(1). *Smith*, 159 F.3d at 879; *McCarter v. John Hancock Ctr.*, 2002 U.S. Dist. LEXIS 24650, at *8 (N.D. Ill. 2002).

Because the action was removed to this court pursuant to § 1442(a)(1), this court ordinarily could assume jurisdiction over all the claims in the case. *Dist. of Columbia v. Merit Sys. Protection Bd.*, 762 F.2d 129, 132–33 (D.C. Cir. 1985). The court, however, lacks subject matter jurisdiction

over this case because of the application of derivative jurisdiction. The Fourth Circuit has explained that "[w]hen a case has been properly removed under § 1442(a), the district court may remand it back to state court only if it thereafter discovers a defect in removal procedure or a *lack of subject matter jurisdiction* in the federal court." *Jamison v. Wiley*, 14 F.3d 222, 238–39 (4th Cir. 1994). Because the court has determined that subject matter jurisdiction over this case is lacking, the court **REMANDS** the case to the Circuit Court of Kanawha County, West Virginia.

*III. Conclusion*

This court lacks subject matter jurisdiction over the claim against the Corps. Accordingly, the court **GRANTS** the Corps's motion to dismiss for lack of subject matter jurisdiction. The plaintiffs' claim against the Corps is **DISMISSED** without prejudice. The Town's motion to dismiss is **DENIED AS MOOT** and the plaintiffs' action against the Town is **REMANDED** to the Circuit Court of Kanawha County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 7, 2025

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE